# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| WILLIAM BONINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-0811 CAS |
| ) | |
| ALAN BLAKE AND UNKNOWN ) | |
| MSOTC MEMBERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff William Bonine for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, who is incarcerated at the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary relief for alleged violations of his federally protected rights. The defendants are Alan Blake, the MSOTC chief operating officer; and all MSOTC members. Liberally construed, plaintiff's claims may be summed up as follows: (1) Missouri's Sexually Violent Predator Act ("SVPA"), Missouri Revised Statute §§ 632.480, *et seq.*, is unconstitutional because the confinement is intended as punishment; and (2) he is being written up and punished without due process. He states that the MSOTC staff members abuse him without any accountability for their actions.

**Discussion**

**A.     Constitutionality of Missouri's SVPA**

A favorable ruling on plaintiff's § 1983 claim that Missouri's SVPA is unconstitutional would necessarily imply the invalidity of plaintiff's current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Even if the Court liberally construed this action as a federal habeas corpus action, there is no indication that plaintiff has previously presented his claims relative to the unconstitutionality of § 632.480 to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before

invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

Giving plaintiff the opportunity to demonstrate, though an amended complaint, that he has met the exhaustion requirement, *see Carter v. Bickhaus*, 2005 WL 1767942, slip op. at *1 (8th Cir. 2005), would be futile because Missouri's SVPA has been found to be constitutional. The Missouri Supreme Court, in *Thomas v. State*, 74 S.W.3d 789 (Mo. 2002), stated that "[f]or all relevant purposes, the Kansas and the Missouri sexual predator statutes are the same." 74 S.W.3d at 790. Relying on *Kansas v. Hendricks,* 521 U.S. 346 (1997), and *Kansas v. Crane*, 534 U.S. 407 (2002), the court stated it was "clear that sexual predator statutes as enacted in Kansas and Missouri are constitutional so long as the mental abnormality causes the individual 'serious difficulty in controlling his behavior.'" *Id.*; *see also Selling v. Young*, 531 U.S. 250 (2001) (finding no federal constitutional bar to civil confinement of sexually violent predators with untreatable mental conditions). Because Missouri's SVPA has been held to be constitutional, allowing plaintiff to amend his complaint to show that he has exhausted his remedies as to this issue would be futile.[1]

Moreover, to the extent plaintiff is seeking damages stemming from his allegedly unconstitutional confinement, the Court notes that a judgment awarding him monetary damages would necessarily call into question the validity of his confinement. Consequently, plaintiff cannot proceed on his damages claim unless and until the judgment finding that he is a sexually violent predator has been reversed or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477,

---

[1] The Court notes that the instant dismissal is without prejudice; thus, plaintiff is not foreclosed from bringing a habeas action.

486-87 (1994). Thus, plaintiff's claim regarding the constitutionality of Missouri's SVPA must be dismissed.

### B. Abusive treatment

Plaintiff's complaint fails to state a claim because his allegations are conclusory and are not directed against a specific defendant. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff has not indicated that any specific defendant had any personal connection with the conduct or conditions which allegedly violated his constitutional rights.

To the extent that plaintiff attempts to hold defendant Blake liable because of his supervisory responsibility, his claim fails because "[t]he doctrine of *respondeat superior* is inapplicable to actions brought pursuant to [section 1983]." *Glick v. Sargent*, 696 F.2d 413, 414-415 (8th Cir. 1983) (citations omitted).

Also, and in the alternative, plaintiff's complaint against Unknown MSOTC members is without merit. Defendants Unknown MSOTC members are improper defendants because they are unidentifiable and indeterminate in number. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 4] is **GRANTED**. *See* 28 U.S.C. § 1915(a).

4

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

Dated this  1st  day of September, 2005.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**